IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN CLAYBON, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-4046-L-BK |
| | § | |
| DALLAS COUNTY CRIMINAL | § | |
| DISTRICT COURT NO. 1, | § | |
|    Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, the petition should be dismissed without prejudice for want of jurisdiction.

In 1993, Petitioner pled guilty to two counts of indecency with a child and was sentenced to ten years' imprisonment, probated for five years, and a $300 fine in each case. Doc. 3 at 2. In 2000, Petitioner's probation was revoked and he was sentenced to concurrent ten-year terms of imprisonment. *State v. Claybon*, Nos. F93-42134 and F93-42135 (Criminal District Court No. 1, Dallas County 1993), *aff'd*, Nos. 05-00-00116-CR, 05-00-00117-CR, 2001 WL 200122 (Tex. App. – Dallas, 2001); Doc. 7 at 2. However, in response to the Court's questionnaire, Petitioner concedes that he is no longer in custody on those convictions, having discharged the sentences and being required only to register as a sex offender. Doc. 7 at 2.[1]

---

[1] Petitioner unsuccessfully sought state and federal habeas relief numerous times. *See Claybon v. Dallas County District Attorney's Office, et al.* No. 3:11-CV-0477-K-BD, 2011 WL 1103732, at *1 (N.D. Tex. 2011), *accepting magistrate judge's findings*, 2011 WL 1085260 (N.D. Tex. 2011); *see also Ex parte Claybon*, No. WR-49,534-25, *docket sheet* (Tex. Crim. App. Aug. 5, 2015), available at http://www.search.txcourts.gov/Case.aspx?cn=WR-49,534-25&coa=coscca (dismissing state habeas writ for abuse of the writ).

Because Petitioner is not currently in custody pursuant to the judgment of the state court in cause numbers F93-42134 and F93-42135, this Court lacks jurisdiction to consider his habeas petition.  See 28 U.S.C. § 2254(a) (a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *see also* *Maleng v. Cook,* 490 U.S. 488, 490 (1989).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

SIGNED February 2, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE